# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEAN A. MONTGOMERY, | |
| Plaintiff, | |
| v. | No. 15 C 4635<br>Judge James B. Zagel |
| MEGAN J. BRENNAN, Postmaster General,<br>United States Postal Service, | |
| Defendant. | |

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff Jean Montgomery brings this suit against her former employer, the United States Postal Service, alleging discrimination and retaliation on the basis of her national origin, as well as a violation of the Whistleblower Protection Act. Plaintiff seeks both damages and reinstatement.

This case is presently before me on Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6). Because this court is without jurisdiction to provide Plaintiff the relief that she seeks, I am granting Defendant's motion and dismissing Plaintiff's complaint with prejudice.

Plaintiff received notice from the Postal Service in August 2012 that she was going to be discharged from the Postal Service effective September 8, 2012. In that notice, Plaintiff was given various options for what to do if she wanted to contest her removal. Specifically, she was told that if she believed that the decision was based in whole or in part on discrimination, she could either: (1) file an Equal Employment Opportunity complaint with the Postal Service within 45 days of the effective decision or (2) file allegations of employment discrimination with the Merit Systems Protection Board ("MSPB") within 30 calendar days of the effective date of the

1

decision. If Plaintiff wanted to appeal the removal decision without lodging complaints of employment discrimination, she could file an appeal with the MSPB or she could appeal to the Postal Service.

After receiving these instructions, Plaintiff filed an appeal of her removal with the MSPB, but she did not allege that the removal was discriminatory. She asked that the MSPB restore her employment. Plaintiff's MSPB appeal was initially adjudicated by an MSPB administrative judge. Prior to setting her case for a hearing, the administrative judge confirmed that Plaintiff was not raising any "affirmative defenses" in her MSPB appeal, *i.e.*, Plaintiff was not alleging before the MSPB that the removal was discriminatory.

After an evidentiary hearing on the merits, the MSPB administrative law judge affirmed the agency's decision to terminate Plaintiff. The ALJ made significant factual findings regarding the circumstances leading to, and supporting, the decision to remove Plaintiff. After receiving the ALJ's decision, Plaintiff filed a petition for review with the full Merit Systems Protection Board. On October 28, 2013, the full MSPB board denied Plaintiff's petition for review and affirmed the initial decision of the ALJ. After this denial, Plaintiff pursued her next level of review and filed an appeal of the MSPB decision upholding her removal to the Federal Circuit.

As part of her Federal Circuit appeal, Plaintiff completed a Federal Circuit Rule 15(c) statement concerning discrimination. In this statement, Plaintiff stated that "[a]ny claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the Merit Systems Protection Board or arbitrator has been abandoned or *will not be raised or continued in this or any other court*." The Federal Circuit affirmed Plaintiff's termination. *Montgomery v. United States Postal Service*, 566 Fed. Appx. 968 (Fed.

Cir. June 12, 2014), *cert. denied* 135 S.Ct. 426 (U.S. Oct. 20, 2014), *rehearing denied* 135 S.Ct. 777 (U.S. Dec. 8, 2014).

While her MSPB case was pending, Plaintiff filed a lawsuit in this court alleging that events leading to her termination (though not the termination itself) were discriminatory. *Montgomery v. United States Postal Service*, No. 13 C 7137 (N.D. Ill) (Zagel, J.). I determined that the events preceding Plaintiff's dismissal were not adverse actions, and that Plaintiff chose to pursue the dismissal itself before the MSPB and the Federal Circuit rather than the EEOC. The Seventh Circuit affirmed my decision to dismiss that suit. *Montgomery v. Donahoe*, 602 Fed. Appx. 638 (7th Cir. 2015), *rehearing denied* (April 2, 2015), *cert. denied* 135 S.Ct. 2909 (June 29, 2015). The Seventh Circuit noted that "[Plaintiff] has now challenged in several forums the Postal Service's actions leading to her dismissal. We caution her that our decision in this appeal closes the book on the matter." *Id.* at 642.

I am granting Defendant's motion because Plaintiff has exhausted all available avenues for relief from her termination, and this court is without jurisdiction to provide her the relief that she seeks. The Federal Circuit has already decided that the termination was appropriate, and this court has appropriately noted that the Federal Circuit's decision cannot be disturbed. *See Montgomery*, 602 Fed. Appx. at 642 (finding that Plaintiff abandoned any claim that her termination was discriminatory by not raising that claim before the MSPB); *Mendelson v. Brown*, 82 F.3d 420, 1996 WL 175077, *2 (7th Cir. 1996) (unpublished) ("Moreover, the issues raised in the present action are identical to those litigated in the challenge to the MSPB heard by the Federal Circuit Court of Appeals, and are thus barred under the doctrine of *res judicata*. We will not permit relitigation of those issues in this Circuit.") (citations omitted); *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011) ("*Res judicata* prohibits parties from re-litigating

issues that were or could have been raised in a previous action in which there was final judgment on the merits.") (citation omitted).

Plaintiff is not allowed to have several different courts review the same materials and come to different conclusions. Accordingly, I am dismissing this case with prejudice. Plaintiff has 60 days from the entry of this order to appeal. 28 U.S.C.A. § 2107 (West). If Plaintiff wishes to appeal, therefore, she must do so by November 20, 2015.

ENTER:

James B. Zagel
United States District Judge

DATE: September 21, 2015